(No. 75-CV-176—)

CORRINE GONZALEZ, on behalf of ROBERTO GONZALEZ, Deceased, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 6, 1975.*

CORRINE GONZALEZ, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General; LEONARD CAHNMANN, Assistant Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred April 3, 1973 at 2625 West Cortland, Cook County, Chicago, Illinois. Corrine Gonzalez, wife of the victim, seeks compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill. Rev. Stat., 1973, ch. 70 §71, et. seq.* (hereafter referred to as the "Act").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That Roberto Gonzalez, husband of the claimant, was a victim of a violent crime, as defined in §2(c) of the Act, to wit:

"Murder" *Ill. Rev. Stat., 1973, Ch. 38, §9-1).*

2. That on April 3, 1974, at approximately 10 p.m., the victim was beaten and stabbed to death by Gilberto

Rodriguez when he went to Rodriguez's apartment at 2625 West Cortland, to collect money owed to him by Rodriguez.

3. That statements, taken by the police investigators after the crime was committed, present no evidence of any wrongful act or provocation by the claimant for the attack upon him by Gilberto Rodriguez.

4. Victim's body was discovered by police on April 4, 1974, in the trunk of his car. A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter and the facts reported therein are incorporated in this opinion by reference.

5. That the victim and his assailant were not related nor sharing the same household.

6. That the criminal offense was promptly reported to law enforcement officials and claimant has fully cooperated with their requests for assistance. The assailant, Gilberto Rodriguez, has been indicted for the murder of the victim. At the trial, December 16, 1974, Rodriguez pled guilty and was sentenced from seven to twenty years.

7. That the claimant seeks compensation for funeral expenses as follows:

Johnsons Mortuary
813 Diversey Parkway
Chicago, Illinois ..................................... $2,050.00

8. That in determining the amount of compensation to which an applicant is entitled, §7 (d) of the Act states that this Court—

(d) "shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workmen's Compensation Act,' or from local governmental, State or Federal funds or from any other source, (except annuities, pension plans, Federal social security benefits and the net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that would inure to the benefit of the applicant . . .)."

9. That in the claim before us, claimant has not received any benefits from other sources which must be deducted from his loss, as contemplated by §7 (d) of the Act. The statutory deduction of $200, having been deducted from the gross amount of loss as calculated in paragraph seven (7), leaves a loss compensable under the Act of $1,850. Hence, the claimant is entitled to an award in the amount of $1,850.

IT IS HEREBY ORDERED that the sum of $1,850.00 (ONE THOUSAND EIGHT HUNDRED FIFTY DOLLARS) be awarded Corrine Gonzalez as the wife of an innocent victim of a violent crime.